IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHIRLEY MINTER-SMITH                                              PLAINTIFF

VS.                             CIVIL ACTION NO. 3:03-cv-1057(DCB)(JCS)

ALBERTO GONZALES, ATTORNEY GENERAL;
AND U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS                                        DEFENDANTS

ORDER

This cause is before the Court on the plaintiff Shirley Minter-Smith's motion in limine **(docket entry 70)**.  Having carefully considered the motion and the defendants' response, the Court finds as follows:

The plaintiff's motion seeks to exclude, for purposes of her claim of constructive discharge, any reference to the defendants' asserted requirement that all unit managers at FCI Yazoo City manage two units, on the grounds that the evidence is not relevant to the plaintiff's claim.  In her constructive discharge claim, Minter-Smith asserts that her employer, the Bureau of Prisons, retaliated against her for objecting to discrimination.  As part of that retaliation, she alleges, she was assigned to manage two units at the prison when no other prison employees were assigned to manage more than one unit.  She claims that the resulting long hours required of her forced her to take sick leave and eventually retire from the Bureau of Prisons.  The plaintiff anticipates that the defendant will attempt to introduce at trial evidence that the

Bureau of Prisons now requires all unit managers to manage two units. Since this was not the case during the time period relevant to Minter-Smith's claims, she moves in limine for exclusion of the evidence.

The defendants respond that the Bureau of Prisons' assignment of other unit managers to two units was part of an ongoing decision by the institution's executive staff to reduce the ratio of unit managers to inmates. Associate Warden Scott Fisher testified in his deposition that at the time Minter-Smith was assigned to manage two units, the Bureau of Prisons had already decided not to fill unit manager positions as they became vacant, until FCI Yazoo City had reduced its number of manager positions to three. (Fisher Depo. at pp. 39-41). Thus, the defendants assert the evidence is relevant to show the Bureau of Prisons had a legitimate, nondiscriminatory reason for its actions. The defendants assert that evidence will be offered to show that the assignment of unit managers to two units was becoming a common practice, and that the decision to reduce the ratio of unit managers to inmates at FCI Yazoo City occurred before the plaintiff retired from the Bureau of Prisons. The defendants also state that they will offer the fact that other unit managers were assigned two units and remained in their positions to show that a reasonable person in the plaintiff's position would not have resigned. Because the defendants have made a sufficient initial showing that the evidence is relevant under

Fed.R.Evi. 401 and 402, the plaintiff's motion in limine is not well taken.  The Court will, however, monitor the evidence during trial in the event any potential for unfair prejudice or confusion arises.  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Shirley Minter-Smith's motion in limine **(docket entry 70)** is DENIED.

SO ORDERED, this the 17th day of March, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE