UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI
(JACKSON DIVISION)

| | |
|---|---|
| SHIRLEY MINTER-SMITH<br>533 Dogwood Drive<br>Yazoo City, MS 39194,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>MICHAEL B. MUKASEY, Attorney<br>General, U.S. Department of Justice,<br>Federal Bureau of Prisons<br><br>　　　　　Defendant. | Civil Action No.3:03-CV-01057-DPJ-JCS |

## JUDGMENT AND FINAL ORDER

It is this the 24th day of January, 2008, ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to the Jury's verdict on October 19, 2007, it is ADJUDGED that Defendant is hereby found liable for retaliating against the Plaintiff for opposing discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; it is further

2. ADJUDGED that but for the retaliation, Plaintiff would have been selected for two job vacancies for which she applied, namely (a) Assistant Correctional Program Administrator (Vacancy No. 02-KC-39) and (b) General Training Instructor in Glynco, Georgia (Vacancy No. 02-GLN-01).

3. Consequently, it is ORDERED that Defendant shall reinstate Plaintiff to the Assistant Correctional Program Administrator (Vacancy No. 02-KC-39) position effective August 11, 2002 at the Grade 13, Step 6 level as of that date; it is further

4. ADJUDGED that Defendant is hereby found liable for constructively discharging the Plaintiff on January 2, 2004; it is further

5. ORDERED that Defendant shall pay the Plaintiff Three Hundred Thousand Dollars ($300,000.00) in compensatory damages to fairly and reasonably compensate her for the emotional distress damages she sustained as a result of being constructively discharged and/or retaliated against by Defendant; it is further
6. ORDERED that Defendant shall pay Plaintiff backpay for the period from August 11, 2002 to January 2, 2004 in the amount of Five Thousand One Hundred Fourteen dollars ($5,114.00); it is further
7. ADJUDGED that but for Defendant's unlawful retaliation, Plaintiff would have continued to work for her federal employer until December 31, 2006, which meets or exceeds her thirty years of federal service for retirement purposes; it is further
8. ORDERED that Defendant shall pay Plaintiff backpay for the period from January 2, 2004 to December 31, 2006 in the amount of Fifty-Seven Thousand, Six Hundred, Sixty-Eight dollars ($57,668.00); it is further
9. ORDERED that Defendant shall pay Plaintiff lost thrift savings in the amount of Thirty-Three Thousand, Three Hundred Fifty-Three dollars ($33,353.00); it is further
10. ORDERED that Defendant shall deduct Six Hundred dollars ($600.00), which constitutes Plaintiff's interim earnings for the period from January 2, 2004 through December 31, 2006, from the total backpay award of Ninety-Six Thousand, One Hundred Thirty-Five dollars ($96,135.00) prior to making payment to the Plaintiff; it is further
11. ORDERED that Defendant shall issue Plaintiff a Form W-2 covering all back pay awarded, reflecting the deductions for federal and state taxes withheld; it is further
12. ORDERED that Defendant shall ensure that all deductions from lost wages for the period from August 11, 2002 through December 31, 2006 for retirement contributions and thrift savings plan contributions shall be credited to Plaintiff's respective retirement accounts accordingly; it is further
13. ORDERED that Defendant shall instruct the Office of Personnel Management to recalculate Plaintiff's annual pension annuity from January 1, 2007 (adjusted for her high 3 years of salary considering a GS-13, step 6 promotion on August 11, 2002, which is approximately $86,371.00) to the present and to pay a lump sum payment for that amount, minus usual deductions, and to apply the adjusted annuity difference to Plaintiff's future annuity payments; it is further
14. ADJUDGED that Plaintiff is hereby deemed a "prevailing party" under Title VII of the Civil Rights Act of 1964, as amended, and may accordingly file an appropriate motion for reimbursement of attorneys' fees and expenses for the Court's consideration and award; it is further

15.     ORDERED that post-judgment interest shall accrue in accordance with the Back Pay Act on the monetary portion of this Judgment from this date forward until such time as Defendant pays Plaintiff the monetary award.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2008.

            s/ *Daniel P. Jordan III*
            UNITED STATES DISTRICT JUDGE